UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                          CRIMINAL ACTION NO.: 22-22

v.

LARRY PICOU                                          SECTION:  H (1)

## SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD VARIANCE IN SENTENCE ON BEHALF OF LARRY PICOU

MAY IT PLEASE THE COURT:

Defendant Larry Picou, through undersigned counsel, hereby submits the following sentencing memorandum and respectfully moves this Court for a downward variance in his Sentencing Guideline Range from 15 to 21 months of imprisonment down to **probation** for the following reasons:

### I.        INTRODUCTION

Larry Picou stands convicted of Conspiracy to Commit Mail Fraud in violation of 18 U.S.C. §§ 1341 and 371.  According to the Final Presentence Report, Mr. Picou's sentencing guideline range is 15 to 21 months of imprisonment.  Mr. Picou does not face a mandatory minimum prison sentence.  According to the Final Presentence Report, Mr. Picou is eligible by statute for a term of probation of 1 to 5 years pursuant to 18 U.S.C. § 3561(c)(1).[1]

---

[1]        Under the United States Sentencing Guidelines, Picou's Total Offense Level is 13 and his Criminal History Category is II.  As such, Picou's applicable guideline range is in Zone D of the Sentencing Table and he is therefore not eligible for probation U.S.S.G. § 5B1.1(a).  However, as this Court well knows, the United States Sentencing Guidelines have been *advisory only* ever since *Booker* and its progeny.

## II.    BACKGROUND OF THE CASE

On February 4, 2022, a federal grand jury handed down a multi-count Indictment charging defendant Larry Picou and several other individuals with Conspiracy to Commit Mail Fraud and Mail Fraud in violation of 18 U.S.C. §§ 1341 and 371.  Subsequently, Picou pled guilty to one count of Conspiracy to Commit Mail Fraud.

The United States Probation Office ("USPO") conducted a presentence investigation and issued a Presentence Report.  The USPO later issued a Final Presentence Report ("PSR").  The USPO found that Picou's Base Offense Level ("**BOL**") under U.S.S.G. § 2B1.1(a)(2) was **6**. PSR, ¶ 55.  The **BOL** was increased by **8 levels** pursuant to U.S.S.G. § 2B1.1(b)(1)(E) because the loss amount was more than $95,000, but not more than $150,000.[2]  PSR, ¶ 56.  The **BOL** was further increased by **2 levels** pursuant to U.S.S.G. § 2B1.1(b)(16)(A) because the offense conduct involved bodily injury to other.  PSR, ¶ 57.  The **BOL** was reduced by **3 levels** for acceptance of responsibility.  PSR, ¶ 63. The USPO calculated Picou's Total Offense Level **("TOL")** to be **13**. PSR, ¶ 64.  The USPO determined that Picou had **3** criminal history points, and therefore his Criminal History Category **("CHC")** was calculated to be **II.** PSR, ¶ 82.  With a **TOL** of **13** and a **CHC** of **II,**  Picou faces a sentencing guideline range of **15** to **21** months of imprisonment at the present time.  PSR, ¶ 135.  (Larry Picou seeks a downward variance from 15 months (the lower end of the sentencing guideline range) to probation.  The substance of Picou's Motion for Downward Variance in Sentence, which requests a sentence of probation, is fully set forth below.  See, III (B).)

---

[2]      Picou and his co-defendants will be responsible for the loss amount incurred by the insurance company who forwarded settlement funds to them.  All defendants will be held jointly and severally liable for the loss amount.

### III.   LAW AND ARGUMENT

**A.   Application of Factors in 18 U.S.C. § 3553(a)**

Section 3553(a) requires the court to consider seven factors in imposing sentence:

(1)     the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)     the need for the sentence imposed–

      (a)     to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

      (b)     to afford adequate deterrence to criminal conduct;

      (c)     to protect the public from further crimes of the defendant; and

      (d)     to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)     the kinds of sentences available;

(4)     the advisory guideline range;

(5)     any pertinent policy statements issued by the Sentencing Commission;

(6)     the need to avoid unwarranted sentence disparities; and

(7)     the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).  Upon consideration of these factors, the court's task is to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)." *Id*.

### 1.   Nature of Offense and History and Personal Characteristics

#### a.   The Offense

The offense of conviction is undoubtedly serious.  However, without minimizing the serious of the offense, Picou submits that mail fraud is neither a crime of violence, a sex offense,

a firearm or weapon offense, or an offense of domestic terrorism.

   **b.**  **Personal Characteristics of Larry Picou**

   Larry Picou is a 57-year-old man.  Picou was born and raised in Louisiana and also resided in Los Angeles, California for lengthy periods of time in his life.  He returned to Louisiana to take care of his elderly mother for several years until she passed on (in his arms) in 2015 at the age of 87.  Picou's mother died as a result of complications from a stroke, dementia, thyroid, and kidney issues. According to the defendant, his parents were married until his father's death.

   Picou has lived in his mother's house in Thibodaux Louisiana.  After Picou's mother passed away, he began drinking alcohol quite heavily and on a consistent basis up until the time he was arrested in this case.  The excessive drinking seriously impaired Picou's ability to function properly, and it certainly led to the bad decision he made in this case.

   Picou was released during the pretrial phase of this case, with, of course, stringent decisions including refraining from alcohol completely and getting treatment.  He has performed excellently in his time on pretrial release.  (USPO Amy LaPointe supervised Picou primarily and she can attest to Picou's perfect behavior and performance on pretrial release.)

   Picou obtained his high school diploma from Compton High School in 1991 in the Los Angeles area.  He then attended some trade schools and programs in Los Angeles.  However, he was not able to complete these programs.  In 2016, Picou Blue Cliff College (BCC), in Lafayette, Louisiana where he studied HVAC systems and earned a Certificate in HVAC.  At present, Picou works in the maintenance department at Ochsner Hospital in Thibodaux.

**2.     Need for the Sentence Imposed**

As noted, Picou seeks a sentence of probation.  Given Picou's excellent conduct on pretrial release, including his outstanding work record and his successful post-conviction rehabilitative efforts at ridding himself of alcohol abuse, a prison sentence of any kind ***is absolutely not warranted***.  Picou respectfully submits that such a sentence of probation is sufficiently adequate to: (1) reflect the seriousness of the offense; (2) to promote respect for the law; and (3) to afford adequate deterrence for future criminal conduct.  A sentence in this kind is adequate and no more than necessary to satisfy the goals of sentencing.

**3.     Kinds of Sentences Available**

Prison is the not the only sentence available to Larry Picou. Indeed, a sentence of probation is available, and it is the best viable option as a sentence for Picou.  Further, Picou will be required to make restitution to the insurance company victim, and that is an important part of his sentence.

**4.     Advisory Guideline Range**

The advisory guideline range and request for a variance have been discussed in detail, as set forth above.

**5.     Disparity**

The requested varying sentence of probation rather than prison is consistent with sentences imposed by this Court on other defendants in this matter whose roles were similar to that of Picou and/or that were equally culpable.  The PSR observed that the equally culpable co-defendants in this case received the following sentences:

1.     David Brown: 04/27/22:  Pled guilty to Count One of the Indictment
02/08/23: 3 years' probation, $200,963.59 restitution, and a $100

special assessment;

2.      Gilda Henderson: 04/27/22:  Pled guilty to Count One of the Indictment
02/08/23: 3 years' probation, $200,963.59 restitution, and a $100
special assessment; and

3.      Latrell Johnson: 03/16/22:  Pled guilty to Count One of the Indictment
02/08/23: 3 years' probation, $200,963.59 restitution, and a $100
special assessment.

The requested sentence of probation would be consistent with the above sentences for the same conduct and equal roles, and such a sentence will not only reduce the likelihood of a disparity in sentences it will eliminate the disparity in sentences imposed on similarly situated defendants in this case.

      **6.**     **Restitution**

As noted herein, Picou and his co-defendants will be required to make restitution to the victim insurance company.  This is an important part of Picou's sentence, and it militates in favor of a sentence of probation.

**B.**     **Motion for Downward Variance in Sentence**

Larry Picou respectfully moves this Court to impose a sentence that varies from the present sentencing guideline range.  The advisory guideline range is "the starting point and the initial benchmark" for choosing a defendant's sentence. *Gall v. United States*, 552 U.S. 38, 49. A district court "may vary from Guidelines ranges based solely on policy considerations, including disagreements with the [g]uidelines." *Kimbrough v. United States*, 552 U.S. 85, 101 (2007); see also *Spears v. United States*, 555 U.S. 261, 264 (2009). And, of course, a district court has the latitude and discretion to impose a sentence outside the guideline range inasmuch as the guidelines became advisory as a result of *Booke*r.

In the instant case, Picou's sentencing guideline range is 15 to 21 months of imprisonment.  As fully articulated above in **III(A)(1)(b)**, Picou's conduct, work record, and rehabilitative efforts have been nothing short of spectacular.  Further, prior to the institution of this case, Picou faced a very serious and emotional hardship, which was the death of his mother who literally died in his arms.  This caused Picou to drink alcohol in excess over a long period of time.  While not an excuse for criminal conduct, his mother's death along with corresponding substance abuse certainly played a role in his involvement in the criminal activity in this case.  Further, through his post-conviction rehabilitative efforts, including his work life, Picou has now overcome the obstacles he faced.  Accordingly, defendant Larry Picou respectfully moves for a sentence of probation.

## III.    CONCLUSION

For the foregoing reasons, Larry Picou requests this Court to impose a sentence that varies from 15 months of imprisonment, the lower end of the present sentencing guideline range of 15 to 21  months, down to **probation**.  For all of the reasons set forth herein, a sentence of probation is sufficient punishment and will promote adequate deterrence and respect for the law.  Further, and significantly, this sentence is no greater than necessary to satisfy the purpose and goals of sentencing.

Respectfully submitted:


/s/ *Stephen H. Shapiro*
_____
Stephen H. Shapiro (#21076)
Attorney at Law
A Limited Liability Company
700 Camp Street
New Orleans, LA 70130
Telephone: (504) 309-8442
E-mail:   steve@shapirolaw-nola.com

**Counsel for Larry Picou**


## CERTIFICATE OF SERVICE

I hereby certify that this Sentencing Memorandum and Motion for Downward Variance in Sentence has been served only on all counsel for the government and the U.S. Probation Officer on this 22nd day of May 2023.


/s/ *Stephen H. Shapiro*
_____
Stephen H. Shapiro